## AN INADEQUATE VERDICT INCREASED BY THE COURT.

Common Pleas Court of Hamilton County.

STEPHEN BENDER ET AL, PARTNERS, *v.* THE AMERICAN RAILWAY
EXPRESS COMPANY.

Decided June 15, 1925.

*Verdict—Power of the Court to Increase Damages Assessed—Where
the Evidence Clearly Requires it and the Remainder of the Ver-
dict is in no way Tainted.*

Where a jury definitely finds that the defendant is liable, and the
rule of damages has been correctly stated to them in the charge
of the court, and the testimony is undisputed as to the loss
sustained, it is competent for court to increase an inadequate
verdict to the amount of loss shown by the evidence to have been
sustained.

*Moulinier, Bettman & Hunt,* for plaintiffs.
*Maxwell & Ramsey* and *Frank Graydon,* for defendant.

DARBY, J.

This action was heard upon the motion of plaintiffs for
a judgment in their favor in excess of the amount returned
by the jury.

The action was for damages in the sum of $1,021.35 claimed
to result to the plaintiffs by reason of an unreasonable delay
in delivery by the defendant of a shipment of beans from
New Orleans. The defendant denied the unreasonable delay
and claimed that any delay was beyond its control. The jury
found in favor of the plaintiffs and assessed damages in the
sum of $500.

In substance the court charged that if the plaintiffs were
entitled to recover, it would be for the difference between
the market value at the time the beans should have been
delivered, and the best available price when delivered, taking
into account the principle that the plaintiffs were bound to
diminish the loss as far as reasonable.

When the jury found for the plaintiffs it settled the ques-
tion that the defendant was liable. The only question then

was as to the amount of damages. Having stated the rule, as above set forth, and that interest might be added, it is impossible to reconcile the verdict with the evidence. But one witness testified as to the market price on the day the goods should have been delivered and the prices that were obtained for the beans. The market price was stated to be from $3.75 to $4.00 per hamper. The evidence showed that 528 hampers were sold at $2.64 and that the remaining number of hampers were not salable on the day of delivery which was Saturday, but were held until the following week, and that on Monday part of them were sold for $1.33 per hamper and on Tuesday the remainder at a considerably less price. It is therefore clear that the jury's verdict was inadequate under any view of the testimony.

The defendant did not move for a new trial, but the plaintiffs filed a motion for judgment for the sum which they claim was the loss shown by their evidence, to which interest should be added.

It must be kept in mind that the jury has found that the defendant was liable. It thereupon became the duty of the jury to assess damages according to the evidence.

In *Scott on Fundamentals of Procedure In Actions at Law*, page 142, paragraph 4. The reasonable rule in such cases is stated as follows:

"Similarly when the jury awards inadequate damages but the rest of the verdict is in no way tainted, it should be possible to compel the defendant to pay an adequate amount. This is so whether the amount is definite or not; but where the amount is definite it is easier to show that the defendant is paying no more than he is bound to pay. Even if the amount is indefinite, however, the defendant should not be allowed to object if he is compelled to pay no more than the minimum amount to which the plaintiff is entitled on the law and the evidence."

In *Sweitzer* v. *Connor*, 57 Wis., 177, it is held:

"Where upon the admitted facts the court might properly have directed a verdict for a certain sum, and the jury not

following the instructions of the court found a verdict for a less sum, it was not error for the court to increase the amount of such verdict by applying the correct rule of damages.''

That case is not an authority upon the point directly in question, but the principle should apply to a situation such as is here presented. In no view of the testimony is the amount of the verdict adequate, though the liability of the defendant is clearly fixed.

The evidence is that on the day of delivery the average price obtained was $2.64 and that was the best price obtainable. There might reasonably have been in the minds of the jury a question as to whether or not the plaintiffs took proper precautions to preserve the beans so that they might be in good condition for the market on the following Monday. That being the case, and the undisputed evidence being that the beans were worth $2.64 per hamper at the time of delivery, the court has reached the conclusion that the verdict should be increased in this manner, fixing the best obtainable price of the whole shipment of beans at $2.64 it would show a loss to the plaintiffs of $742.00, to which interest being added for three years, eleven months and fourteen days would amount to $176.13, and judgment should be entered for $918.13.